ROBERT KING, ADMINISTRATOR, &c., DEFENDANT IN ER-
ROR, v. ATLANTIC CITY GAS AND WATER COMPANY,
PLAINTIFF IN ERROR.

Argued March 2, 1904—Decided June 20, 1904.

1. Where a person authorizes another to speak for him he may be
confronted by testimony as to what was said by his representa-
tive within the scope of his authority; but where the employment
is purely mechanical the master is not chargeable with what his
employe may choose to say while at work for him.
2. In a suit against a master for damages caused by the furnishing
of a defective appliance, testimony that a servant, who after the
accident had been sent to repair such appliance, or to ascertain
and report its condition to his employer, said that something was
wrong with the appliance, is irrelevant, hearsay and inadmissible.

On error to the Atlantic Circuit Court. Tried before
Nixon, judge, and a jury, and a verdict rendered for plaintiff.

For the plaintiff in error, *Clarence L. Cole.*

For the defendant in error, *William I. Garrison.*

The opinion of the court was delivered by

GARRISON, J. This is an action brought by the admin-
istrator of Mary King against the Atlantic City Gas and
Water Company for damages for causing the death of the
plaintiff's intestate by negligently setting up and connecting
a certain gas stove or range and furnishing defective con-
nections and fittings, whereby gas leaked from the pipes and
poisoned the air of the dwelling-house in which said Mary
King was employed as a servant.

At the trial the issue shifted somewhat in conformity to the
testimony, which tended to show that a water heater furnished
by the defendant had, since its installation, emitted an un-
pleasant odor and vitiated the air of the small room in which
it was placed. Whether this and the fatal result to the in-
testate was due to the escape of gas from leaky connections,

to mismanagement in the operation of the heater, or to an original defect in the appliance itself, were questions upon which the liability of the defendant turned. A portion of the testimony admitted on behalf of the plaintiff over objection is set forth in a bill of exceptions, as follows:

"*Q.* Did you ever call the company's attention to it in any way?

"*A.* After the death of Mary King, which happened—

"[Objected to as irrelevant.]

"If the court please, I want to show that after the death of Mary King she sent for the gas company again, and they came, and I want to show that the agent or employe of the gas company examined this stove and pronounced, right in the presence of this witness, that it was defective and that he found defects. Now, it seems to me that that is very proper in this case. It is an admission—it is an admission of this company through their agent. I don't see how you can get better testimony.

"By the Court:

"*Q.* Did this person come that you sent for?

"*A.* The gas company sent a man to see about it; they didn't respond to the first telephone message; I telephoned more than once; the first time it was necessary to telephone at least three times to them before they paid any attention, and finally sent for others.

"The Court—Never mind that. I will admit the question.

"Whereupon the defendant, by its counsel, prays a bill of exceptions, which is hereby allowed and sealed accordingly.

"JAMES H. NIXON,
"*Judge.*

"*Q.* In response to that telephone message, did they send a man?

"*A.* Not at once.

"*Q.* Not at once?

"*A.* No; they paid little attention to it at the time.

"*Q.* Now, state to the jury what conversation, if any, you had with this employe relative to any defects in this stove.

"[Objected to as irrelevant and not binding the company. Objection overruled.]

"Whereupon the defendant, by its counsel, prays a bill of exceptions, which is hereby allowed and sealed accordingly.

"JAMES H. NIXON,

"*Judge.*

"*A.* The stove was taken apart; the man said: 'There is something wrong with this stove; I can't tell you what is the matter, but I will report it to the gas company.'"

In the case of *Huebner v. Erie Railroad Co.,* 40 *Vroom* 327, this court has recently had occasion to reiterate the rule that in a suit against a master testimony as to declarations made by a servant is irrelevant and inadmissible as hearsay unless made in pursuance of a special authority. The illustrative cases cited in that opinion show that where one authorizes another to speak for him he may be confronted by testimony as to what his representative said within the scope of his authority; but where the employment is purely mechanical the master is not bound by what his servant may choose to say while at work.

In the present case an employe was sent either to repair the heater or to ascertain its condition and report it to his employer; neither of these employments charged the servant with any duty or mission that involved the making of declarations of any sort or of the expression of his views to any person other than his employer. Hence, within the rule illustrated by the decision above cited, it was error to admit the testimony. That this error was injurious to the defendant is clear since such hearsay testimony went directly to support the contention of the plaintiff that the cause of the noxious emanations was a defective condition of the apparatus furnished by the defendant.

The judgment must be reversed.

*For affirmance*—None.

*For reversal*—THE CHANCELLOR, DIXON, GARRISON, FORT, HENDRICKSON, PITNEY, SWAYZE, BOGERT, VREDENBURGH, VROOM, GREEN.    11.