ROBERT L. BROUNFIELD, JR., PLAINTIFF IN ERROR, v. EUGENE W. DENTON, DEFENDANT IN ERROR.

Submitted March 27, 1905—Decided June 19, 1905.

1. Agency cannot be proved by the mere declarations of one assuming to act in that capacity.
2. The declarations of one who is not shown to be the agent of a party to a suit are inadmissible against him.
3. A vendee who, by the fraudulent representations of another, has been led into a contract of purchase, cannot, upon a tender of rescission to the innocent vendor, recover the purchase price received by him when such fraudulent representations are inadmissible in evidence because not made by the vendor or his agent.

· On error to the Supreme Court.

The declaration in this case contains the common counts and one special count. The special count avers that the defendant authorized and empowered one Franklin Mortimer to act as his agent in making sale of five hundred shares of stock in the American Household Hardware Manufacturing Company; that the said Mortimer, in order to sell said shares of stock to the plaintiff and intending to deceive and defraud him, made to him certain false representations touching the value thereof, confiding upon which the plaintiff bargained with the said Mortimer to buy said stock for $7,500, and that the plaintiff in fact paid to the defendant said sum of $7,500 and received said five hundred shares of stock.

The declaration further avers that the plaintiff afterwards ascertained that the said representations of Mortimer were false, whereupon he gave notice to the defendant that he rescinded the sale because of said false representations made to him by the said Mortimer as agent of the defendant, and tendered to the defendant the five hundred shares of stock, and that thereupon the defendant became indebted to the plaintiff in the sum of $7,500, the price paid by the plaintiff to the defendant for said five hundred shares.

At the trial the plaintiff was permitted, over objection, to prove certain declarations made by Mortimer to him touching his agency for the defendant in the sale of the five hundred shares of stock, and also to prove the representations made by Mortimer respecting the value of the stock and the business and assets of the company, which the plaintiff afterwards ascertained to be false.

This line of testimony, which was promptly objected to by the defendant, was received by the trial court subject to its being rendered competent by legal proof that Mortimer was the-agent of the defendant.

"All this line of testimony," the court ruled, "may be competent or incompetent, depending altogether upon whether at the time these things were done and these representations

were made Mr. Mortimer was the agent of Mr. Denton." To which counsel for the plaintiff, replying: "If I do not prove agency, I do not prove my case," he was permitted to put in proof the various declarations made by Mortimer, which constituted the plaintiff's case. Of the proofs so adduced the only one legally competent upon the question of Mortimer's agency was a letter from the defendant to Mortimer, which was in these words:

*"Mr. F. M.:*

"Received your letter in reference to wanting my stock, and that you may go over to my office at any time with a party for it. I am sorry that you feel you cannot accept my proposition. I cannot, however, give my time now to the business, and as you state you must have a partner to assist you actively I am willing to retire in favor of some one who can do so and turn my stock over to them upon receipt of $7,500. As I am not feeling well—my old malaria is bothering me again—I am on the water a good part of the time, and in consequence will leave my 500 shares of stock with the City Trust Company, 122 Roseville avenue, with instructions to turn it over to you upon receipt of a certified check. I will endorse the certificates in blank. Pardon haste, as I am rushing off for the boat.

"Yours respectfully.

"E. W. D."

It was also shown by the plaintiff's proofs that the shares of stock assigned in blank were in the possession of the defendant's bookkeeper, by whom they were delivered to the plaintiff, together with the bookkeeper's receipt for the $7,500.

Incidentally, it also appeared that Mortimer, as the owner of the rest of the stock in the hardware company, had a direct personal interest in securing a purchaser for the defendant's shares.

At the close of the plaintiff's case counsel for the defendant moved that all of the testimony that had been received subject

to his objection, viz., all of the declarations of Mortimer to the plaintiff, be excluded "upon the ground that no agency had been shown by which the representations made by Mortimer can bind the defendant." To his motion the trial court, after argument, acceded, and thereupon directed that the plaintiff be nonsuited upon the ground that the letter of the defendant to Mortimer did not create any agency, and that there was no other testimony in the case upon which the existence of agency could be predicated so as to render the defendant liable for the statements shown to have been made by Mortimer.

To reverse the judgment entered upon this ruling, the plaintiff has brought this writ of error.

For the plaintiff in error, *Bedle, Edwards & Lawrence.*

For the defendant in error, *Pitney & Hardin.*

The opinion of the court was delivered by

GARRISON, J. The trial court correctly ruled that there was no proof of Mortimer's agency, and from this it followed, of necessity, that the declarations made by him were inadmissible against the defendant.

Notably, the acts and declarations of Mortimer were inadmissible to prove his own agency. *Gifford* v. *Landrine,* 10 *Stew. Eq.* 127; affirmed, *Id.* 628; *Pederson* v. *Kiensel,* 42 *Vroom* 525; 1 *Ell. Evid.,* § 252.

Mortimer's agency not having been shown, his declarations could not be proved against the defendant, and with these declarations stricken out there was admittedly no case for the plaintiff.

The right of a purchaser upon rescinding a contract of sale into which he has been led by fraudulent misrepresentations of another than the vendor to recover from the innocent vendor the purchase price received by him, which is the ground relied upon by the plaintiff in error, is necessarily conditioned, as a practical rule, upon the fact that such misrepresentations were

made by an agent of the defendant, else they could not be shown in such suit against him.

In all of the cases cited by the plaintiff in error the relation of agency existed. *Kennedy* v. *McKay,* 14 *Vroom* 288; *Titus & Scudder* v. *C. & F. R. R. Co.,* 17 *Id.* 393; *White* v. *New York, Susquehanna and Western Railroad Co.,* 39 *Id.* 123.

A vendee who by the fraudulent representations of another has been induced to make a purchase cannot, upon a tender of rescission, recover the purchase price of the innocent vendor when such fraudulent representations are inadmissible in evidence because not made by the vendor or his agent.

The error complained of in the present case is, at bottom, one touching the admissibility of testimony concerning which we think the trial court committed no error.

The judgment of the Supreme Court is affirmed.

*For affirmance*—THE CHANCELLOR, DIXON, GARRISON, FORT, GARRETSON, SWAYZE, VREDENBURGH. 7.

*For reversal*—PITNEY, BOGERT, VROOM, GREEN, GRAY. 5.