### GEORGE A. SPENCER AND WIFE v. NEWLIN HAINES.

Argued June 7, 1906—Decided November 12, 1906.

1. The promise to repair a defective machine, in order to relieve the employe who operated it from the assumption of the obvious risks which the defects in the machine create, must be made by the master, or someone standing in his place.
2. A fellow-servant cannot act as the representative of the master in making such promise, unless authority to do so has been conferred upon him by the latter, either expressly or by conduct from which it may reasonably be implied.

---

On defendant's rule to show cause.

Before GUMMERE, CHIEF JUSTICE, and Justices GARRISON and SWAYZE.

For the rule, *Clarence L. Cole.*

*Contra, John J. Crandall.*

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE. Lizzie A. Spencer, the principal plaintiff, had her hand injured in a laundry mangle in the Hotel St. Charles, in Atlantic City, owned by the defendant. She was in his employ and had been using the mangle for several weeks prior to the time of the accident. The case made by her at the trial was that a guardrail on the mangle, designed as a protection to the operator, had been bent and out of repair during her whole user of the machine; that she requested the engineer of the defendant to repair it; that he agreed to do so and removed the guardrail from the mangle for that purpose, and that, relying upon his promise, she continued to operate the mangle without the guard until the time of the accident.

The trial justice, in his charge to the jury, after instructing them that ordinarily the servant assumes the obvious risks which result from the operation of a machine which is out of order, but that where the defect in the machine has been complained of by the servant and the master or his representative promises to repair it, and the servant, in reliance upon that promise, proceeds to operate the machine, the risk of such continued operation is not assumed by the servant until after the expiration of a reasonable time for the making of the necessary repairs, proceeded as follows: "So that, upon that aspect of the case, the question for you will be whether the position of the engineer was such that the plaintiff was justified in relying upon his promise as upon the promise of one authorized to speak for her employer."

There was a verdict for the plaintiffs, and a rule to show cause why that verdict should not be set aside was allowed by the trial justice.

The verdict in this case carries with it, necessarily, under the instruction of the court, a finding by the jury that the plaintiff was justified in relying upon the promise of the

engineer as made by one authorized to speak for and bind the defendant, and the principal ground upon which we are asked to make the rule absolute is that there is nothing in the proofs submitted to the jury which will support such a finding.

It is elementary, of course, that the promise to repair, in order to relieve the employe from the assumption of the obvious risks which the defects in the machine he is operating create, must be made by the master or someone standing in his place, and that the promise of a fellow-servant has no such effect, unless in the given case he speaks with the voice of the master. The trial justice, in substance, so charged the jury. It is equally elementary that a fellow-servant cannot act as the representative of the master unless authority to do so has been conferred upon him by the latter, and where the plaintiff's case depends upon the apparent existence of such authority proof thereof is necessary, either by showing an expressed delegation of it or the presence of facts from which it may be fairly inferred, or conduct on the part of the defendant tending to create in the mind of the plaintiff a reasonable belief that such authority had in fact been conferred. In the proofs submitted in the present case no attempt was made to show any express authority given by the defendant to the engineer to make Mrs. Spencer a promise, the effect of which would be to relieve her from the implied provision of her contract of employment, that the defendant should not be liable for injuries which she might receive by reason of defects in the mangle which were obvious to her and which manifestly increased the risk of its operation. Neither is there proof of any acts done or words spoken by the defendant which would tend to create in the mind of Mrs. Spencer a belief that a promise to repair made by the engineer would be equivalent to a promise made by himself. Nor do we find anything in the facts which the evidence presents from which the conferring of such authority may fairly be inferred. Neither the position of the engineer, as such, nor the work which his employment required him to perform (which was, so far as the case shows, to look after the machinery

around the hotel generally and keep it in order), carried with it the right to release the plaintiff from her contract obligation. *King, Adm'r, v. Atlantic City Gas and Water Co.,* 41 *Vroom* 679.

In the absence of proof of any fact from which authority, either real or apparent, on the part of the engineer to bind the defendant by making the promise to repair the mangle could fairly be inferred, it was error to leave to the jury the question whether the plaintiff was justified in relying on that promise as made by one authorized to speak for the defendant. In the state in which the case was left on the proofs, there should have been a verdict directed for the defendant.

The rule to show cause must be made absolute.