## STANDARD OIL COMPANY v. LINOL COMPANY.

Submitted July 5, 1907—Decided December 12, 1907.

1. Agency is not provable by the declarations of one assuming to act in that capacity. Until the declarant is shown to be in fact the agent of a party to the suit, his declarations (including his statement that he is such agent) are not admissible to bind such party.
2. The mere fact that one employs others to work for him does not make him chargeable with what they may say about him or his affairs while in his employ. If he employs them to talk for him a different question is presented.

———

On appeal.

Before Justices GARRISON and SWAYZE.

For the appellant, *Joseph W. Callahan.*

For the appellee, *Mulligan & Koenig.*

The opinion of the court was delivered by

GARRISON, J. This was an action on a book account brought by "Standard Oil Company," a corporation of New Jersey. The defendant filed a set-off to sustain which it was essential to show that the "Standard Oil Company of New York," a corporation of New York, had acted as and was in fact the agent of the plaintiff in ordering the goods for the price of which the set-off was filed. The main attempt of the defendant toward the establishment of this fact was the offer to prove the statements or declarations made by the various persons with whom it had dealt in the transaction in question. All of these offers were properly overruled. Agency cannot be proved by the declarations of one assuming to act in that capacity. Until the declarant is shown to be the agent of a party to the suit his declarations (including his declaration that he is such agent) are inadmissible. *Brounfield* v. *Denton*, 43 *Vroom* 235.

After a specific ruling to this effect upon a question put to a witness that was on the stand the state of the case shows that "the defendant thereupon stated that he desired to show facts and circumstances in the course of the dealings between the alleged plaintiff and defendant from which as a whole it might be inferred that the Newark concern was the agent for Standard Oil Company of New York."

"The court adhered to its former ruling and refused to admit the testimony."

If the statement of a desire by the defendant be taken as equivalent to an offer of proof the ruling in effect was that if the desire was to bind a party to the suit by declarations of persons assuming to act as its agents it was within the ruling already made. If the defendant desired to adduce testimony that did not fall within this ruling an offer to that effect should have been made in such form that the court might determine whether the new offer differed in principle from those already ruled upon. This might have been done either by putting to a witness a specific question calling for such new testimony, or, if the court permitted an offer to be made, by making an offer to prove certain definite facts. From the brief of counsel for the defendant, rather than from the state of the case, it is to be gathered that what the defendant wanted to prove was a series of statements made by persons not authorized to bind their employer by volunteer declarations or narratives touching the master's affairs. It cannot be too often pointed out that the mere fact that one employs others to work for him does not make him chargeable with what they may say about him or his affairs while in his employ; if he employs them to talk for him a different case may be presented. *King* v. *Atlantic City Gas Co.,* 41 *Vroom* 679.

Finding no legal error in the case presented upon this appeal, the judgment of the First District Court of Jersey City is affirmed.