JESSIE CATTERALL, ADMINISTRATRIX AD PROSEQUEN-
DUM, RESPONDENT, v. OTIS ELEVATOR COMPANY, AP-
PELLANT.

Submitted October 29, 1926—Decided January 31, 1927.

1. The general rule is that where a rule to show cause why a
   verdict should not be set aside is allowed, with exceptions re-
   served, and the party obtaining the rule specifies, as his reasons
   for asking that it be made absolute, the matters upon which the
   reserved exceptions are based, and, upon the return of the rule
   argues those matters, and the court afterwards considers and de-
   termines them, the exceptions are to be considered as having been
   abandoned with the approval of the court, and the right to have
   them reviewed by an appellate tribunal is lost.
2. A reason assigned for a new trial that the verdict is contrary
   to the weight of the evidence, which reason was argued, con-
   sidered and decided on the return of the rule, is necessarily em-
   braced within exceptions to the refusal to nonsuit and to direct
   a verdict on the ground that there was no evidence of de-
   fendant's negligence and that contributory negligence of the
   plaintiff conclusively appeared, which were reserved in the rule,
   and therefore such exceptions cannot be considered on appeal.

On appeal from the Supreme Court, whose *per curiam* is
printed in 4 *N. J. Mis. R.* 557.

For the appellant, *Edwards & Smith* (*Walter L. Glenney*
and *Edwin F. Smith,* of counsel).

For the respondent, *J. Raymond Tiffany.*

The opinion of the court was delivered by

TRENCHARD, J.   The plaintiff brought this suit in the
Supreme Court to recover for the death of her husband,
whose death, it was claimed, was caused by the negligence
of the defendant company's servants.

The jury, at the Hudson Circuit, rendered a verdict for
the plaintiff.   A rule to show cause was applied for and al-
lowed the defendant, requiring the plaintiff to show cause why

that verdict should not be set aside; reserving, however, the exceptions taken by the defendant at the trial. Notwithstanding this reservation, the prosecutor of the rule specified, as a ground for making it absolute, that the verdict was contrary to the weight of the evidence. After hearing the argument the Supreme Court decided that the verdict was not contrary to the weight of the evidence, and discharged the rule to show cause.

The defendant thereupon appealed to this court and now seeks a reversal of the judgment entered upon the verdict, relying only upon exceptions reserved, namely, to the refusal of the court to grant motions to nonsuit the plaintiff and to direct a verdict for the defendant, which motions were based upon the ground that there was no evidence of defendant's negligence and that contributory negligence of the plaintiff conclusively appeared.

Now, the general rule is well settled that where a rule to show cause why a verdict should not be set aside is allowed, with exceptions reserved, and the party obtaining the rule specifies, as his reasons for asking that it be made absolute, the matters upon which the reserved exceptions are based, and, upon the return of the rule argues those matters, and the court afterwards considers and determines them, the exceptions are to be considered as abandoned with the approval of the court, and the right to have them reviewed by an appellate tribunal is lost. *Margolies* v. *Goldberg,* 101 *N. J. L.* 75; *Goekel* v. *Erie Railroad Co.,* 100 *Id.* 279; *Faragasso* v. *Introcaso,* 98 *Id.* 583; *Gregulis* v. *Steinberg,* 97 *Id.* 1; *El Mora Realty Co.* v. *Griffin,* 2 *N. J. Mis. R.* 1187.

But here there remains for determination the question whether the reason specified by the defendant for making the rule absolute, and which was argued, considered and decided on the return of the rule, was embraced within the excptions reserved and now sought to be argued on this appeal. We think that it was.

As we have pointed out, the reason specified for making the rule absolute was that the verdict was contrary to the weight of the evidence. The Supreme Court held rightly in

*Ashhurst* v. *Atlantic Coast Electric Railroad Co.*, 66 *N. J. L.* 16, that a reason assigned for a new trial that the verdict is contrary to the weight of the evidence is necessarily embraced within exceptions to the refusal to nonsuit and to direct a verdict on the ground that there was no evidence of defendant's negligence and that contributory negligence of the plaintiff conclusively appeared, which were the exceptions reserved in the rule to show cause in the present case and now assigned as grounds of appeal in this court. That case was followed by the Supreme Court in *Holler* v. *Ross,* 67 *Id.* 60, where the last mentioned principle was restated, and where it was said that the reason therefor is plain, namely, that where all the evidence in a cause is involved in a motion to take the case from the jury it would be impossible to determine that the verdict was not contrary to the weight of the evidence, without necessarily determining that the refusal of the motion was right. Both of the last mentioned cases were cited with approval in *Brown* v. *Public Service Railway Co.*, 98 *Id.* 747, 751, in this court.

The judgment below will be affirmed, with costs.

*For affirmance*—THE CHANCELLOR, TRENCHARD, MINTURN, BLACK, KATZENBACH, LLOYD, VAN BUSKIRK, McGLENNON, KAYS, HETFIELD, JJ. 10.

*For reversal*—None.