ADELINE M. OVEREND, PLAINTIFF-RESPONDENT, v. JAMES M. KIERNAN, JAMES W. KIERNAN AND JOSEPH PERLMUTTER, DEFENDANTS-APPELLANTS.

Submitted January 28, 1927—Decided June 27, 1927.

Contracts—Rent and an Arrangement to Co-operate in Business —Defendants' Company Became Bankrupt and Plaintiff Evicted—Another Entered Into and Another Eviction of Plaintiff—Suit Based on Fraud and Deceit—Judgment For Plaintiff—Defendant Kiernan Appeals—Grounds Held Inadequate.

On appeal from a judgment of the Hudson County Circuit Court.

Before Justices KALISCH, KATZENBACH and LLOYD.

For the appellants, *Frank J. Higgins* and *George L. Record.*

For the respondent, *William E. Sewell* and *Benjamin E. Gordon.*

PER CURIAM.

This is a defendant's appeal from a judgment of the Hudson County Circuit Court. The plaintiff, Adeline M. Overend, was a milliner. She claimed that in March, 1923, she had been approached by the defendants, who were stockholders in Perlmutter's, Incorporated, a corporation conducting a department store in the city of Jersey City, and was asked to open a millinery shop in the upper floor of the building occupied by the corporation. The plaintiff contended that it was represented to her that the corporation had a long term lease upon the building, that it was financially sound, and that the suggested arrangement would be a profitable one for her. The negotiations ripened into an agreement dated April 25th, 1923, made between the corporation and the plaintiff, by which the corporation leased to the plaintiff six hundred square feet of space on the second floor of No. 116 Monticello avenue, in the city of Jersey City, for the purpose of conducting a millinery shop, together with the right to use the entrance of the building for the ingress and egress of her customers, &c. The term was for three years with the privilege of a renewal of the lease for two additional years. The rent for the first three years was to be ten per cent. of the gross income of the plaintiff's business, and for the next two years, if the privilege of renewal was exercised, fifteen per cent. of the gross income. The representation made to the plaintiff as claimed by her was that the corporation had a twelve to fourteen-year lease covering the entire building. The cor-

poration had no lease on the premises. This was known to James W. Kiernan and to Joseph Perlmutter. Another defendant, James M. Kiernan (referred to as the older Kiernan), was made a defendant to the suit, but during the course of the trial he was granted a nonsuit.

Six weeks after the making of the lease the corporation was thrown into bankruptcy. The plaintiff was evicted. She later retook possession of the premises under a new arrangement with Joseph Perlmutter, and was again evicted on February 4th, 1924. The action then instituted by the plaintiff was based on fraud and deceit. The plaintiff had paid to Joseph Perlmutter for what was termed "the rights of the place" $450.

The complaint contained two counts. One was for the fraud and deceit and the other was for the recovery of the $450. James W. Kiernan (referred to as the younger) had nothing to do with the second eviction. He was therefore not concerned with the second count. The jury rendered a verdict for the plaintiff of $6,000 on the first count and $450 on the second count.

A rule to show cause was allowed the defendants by the trial judge. In a well-considered opinion he discharged the rule to show cause. The charge of the court at the trial was full. The trial judge went over the case carefully, outlining clearly in his charge the respective rights of the parties.

The appellant in this case is Kiernan (the younger). Perlmutter has not appealed from the judgments. There were only two exceptions taken to the charge of the court. These exceptions were taken in behalf of Perlmutter. Kiernan cannot take advantage of the exceptions taken by Perlmutter. In *McKeown* v. *King,* 99 *N. J. L.* 251, the Court of Errors and Appeals held that where one of several joint defendants takes an exception to a portion of the charge of the trial court and the defendant so excepting subsequently abandons said exception by omitting to state it as a ground of appeal, another joint defendant cannot avail himself of said exception. The exceptions to the court's charge in the present case will not be considered.

There are only two questions which can be considered on this appeal. The first is, Was the motion to nonsuit properly refused? The second is, Was the motion to direct a verdict for Kiernan (the younger) properly refused?

The motion to nonsuit was, we think, properly refused. If there is any evidence, no matter how meagre, to support a plaintiff's cause of action the plaintiff has the right to have the case submitted to the jury. *Barry v. Borden Farm Products Co.*, 100 *N. J. L.* 106; *Dellabello v. Central Railroad Co. of New Jersey*, 99 *Id.* 348. In the present case the testimony given by the plaintiff was explicit with reference to the statements made by both Kiernan (the younger) and Perlmutter as to the length of time for which the corporation had a lease upon the premises. The lease made to the plaintiff for a term of three years with a privilege of two is corroboration of these statements. The corporation was only a monthly tenant. The plaintiff also gave testimony with reference to what was said to her regarding the financial condition of the corporation. Testimony was offered in behalf of the plaintiff at the trial that for many months prior to the making of the lease to her the corporation had been financially embarassed. These and other facts which were for the jury to pass on justified the refusal of the trial court to grant a nonsuit.

What has been said with reference to the motion to nonsuit applies equally to the motion to direct a verdict.

We have considered the questions raised upon their merits. We have had some hesitancy in doing so as in the case of *Catterall, Admrx., v. Otis Elevator Co.*, 135 *Atl. Rep.* 865 (not as yet officially reported), it was said in an opinion by Mr. Justice Trenchard, speaking for the Court of Errors and Appeals, that:

"A reason assigned for a new trial that the verdict is contrary to the weight of the evidence, which reason was argued, considered and decided, is necessarily embraced within exceptions to the refusal to nonsuit and to direct a verdict which were resolved in the rule and therefore such exceptions cannot be considered on appeal.

The judgment is affirmed, with costs.