MELVILLE S. REID ET AL., PLAINTIFFS-APPELLEES, v.
MICHAEL J. TANSEY, DEFENDANT-APPELLANT.

Submitted May 18, 1930—Decided March 5, 1931.

Before Justices CASE, DALY and DONGES.

For the appellant, *Michael J. Tansey, pro se.*

For the appellees, *Fischer & Crowell* and *Frederick W. Hope.*

PER CURIAM.

This appeal brings up a judgment of the First District Court of Newark in favor of plaintiffs for $216.80. The suit was for fence posts alleged to have been purchased by the agent of the defendant, one William A. Tansey, for the defendant.

The first point raised is that there was no competent legal proof that William A. Tansey was the agent of appellant. The obvious answer to this is that William A. Tansey testified that he ordered the fence posts by direction of defendant.

The next point is that agency may not be proved by the alleged agent's declarations. This principle is not applicable because the agent testified himself upon the question of authority. The rule extends no further than to exclude statements to third persons of the agent's alleged authority.

The next reason is that there was no evidence of ratification of a prior purchase of fence posts by William A. Tansey for the defendant so as to create agency on the part of William A. Tansey in a subsequent purchase. The trial court in his charge to the jury did not leave this question for the jury's determination, and we think there was no error in the court's comment upon this question.

The next point is that the appellant had no knowledge of the transaction for a long time afterward and that he did not obtain the benefit of the purchase because William A. Tansey removed the posts when he left the farm. This raises a question of fact and is not ground of error.

The next point is that the court committed prejudicial error and abused its discretion in declining defendant's motion to nonsuit, when he said: "In my opinion Michael J. Tansey is responsible, therefore I deny the motion." Obviously this statement was made upon the basis of the proofs then before the court, and which, if there had been no contradictory testimony on behalf of the defendant, would have required the court to direct a verdict for the plaintiffs.

There being no merit in any of the grounds of appeal, the judgment is affirmed, with costs.