JOSEPHINE DE ROSE, ADMINISTRATRIX OF THE ESTATE OF ALPHONSA DE ROSE, DECEASED, RESPONDENT, v. THE DELAWARE, LACKAWANNA AND WESTERN RAILROAD COMPANY, APPELLANT.

Submitted October 30, 1931—Decided May 16, 1932.

For the appellant, *Frederic B. Scott.*

For the respondent, *John O. Benson.*

PER CURIAM.

We are of the opinion that the grounds of appeal as presented on this appeal were involved in a rule for new trial allowed in the Supreme Court and disposed of there. 9 *N. J. Mis. R.* 183.

The grounds of appeal are that the trial court refused to direct a nonsuit for the reasons (1) that the accident, if it occurred by the deceased coming in contact with train No. 66, was caused by the sole negligence of plaintiff's decedent and therefore his negligence was the proximate cause of the accident; (2) that no negligence had been shown on the part of the railroad; (3) that plaintiff's decedent assumed the risk of the accident. Also that the court refused to direct a verdict in favor of the defendant on the same grounds.

Among the reasons filed on the rule for new trial were (1) because the verdict of the jury was contrary to the charge of the court wherein it charged the jury as follows:

"If you find that De Rose was an experienced trackman and that when he was working alone he had been instructed to 'look out' or 'watch out' for trains, then your verdict must be for the railroad company, for his injuries, if he received them by coming in contact with a train of the defendant, was a risk which under the law he assumed," and (2) because the verdict of the jury was against the evidence and the

weight thereof (and) of the charge of the court wherein it charged as above quoted.

In the opinion of the Supreme Court discharging the rule we find the following:

"It is now argued under reasons 1 and 2 that the verdict was contrary to the charge as above quoted, and against the evidence and the weight thereof and the above quoted portion of the court's charge. In other words, it is sought now to review the case on the theory that the verdict was contrary to the charge of the trial court, in that the evidence demonstrated as a matter of law that decedent had assumed the risks incident to his employment. The question so presented was reserved by the exception taken when the motion for a nonsuit and a directed verdict on this ground was made. However, it is argued here and it may as well be decided."

Under the reasons so filed it is apparent that all the grounds now urged on appeal were involved and cannot be raised again on a legal review. *Cleaves* v. *Yeskel,* 104 *N. J. L.* 497.

The appeal is accordingly dismissed.

*For dismissal*—THE CHIEF JUSTICE, TRENCHARD, LLOYD, CASE, DONGES, VAN BUSKIRK, KAYS, HETFIELD, DEAR, WELLS, KERNEY, JJ. 11.