EDWARD HOLDEN. PLAINTIFF-RESPONDENT, v. GEORGE D. ROLFF, DEFENDANT-APPELLANT.

Submitted February 17, 1933—Decided April 28, 1933.

For the plaintiff-respondent, *David Schneiderman* (*Abraham S. Bernstein,* of counsel).

For the defendant-appellant, *Frank G. Turner.*

The opinion of the court was delivered by

CASE, J. This is an appeal by the defendant from a judgment entered against him in the Supreme Court in the amount of $2,500, with costs to be taxed, growing out of an automobile collision.

Appellant files six grounds of appeal. The first and fourth go to the admission of evidence. The second, third, fifth and sixth go either to the court's refusal to nonsuit or the court's refusal to direct a verdict in favor of the defendant.

As appears by the certificate of the trial judge defendant took a rule to show cause assigning and arguing, amongst other reasons, that the verdict was contrary to the weight of the evidence. The setting out and arguing of this reason shuts out the defendant from arguing error in refusal to

nonsuit or refusal to direct a verdict in this court. *Catterall* v. *Otis Elevator Co.,* 103 *N. J. L.* 381. The second reason argued on the rule was that the plaintiff was guilty of contributory negligence, which is precisely the point raised on the motion for nonsuit in the third and on the motion for direction of verdict in the sixth grounds of appeal. On appeal from a judgment entered after defendant's rule to show cause has been discharged, the appellate court will not consider and decide any question which was assigned as ground for setting the verdict aside on the rule. *Cleaves* v. *Yeskel,* 104 *Id.* 497; *Hortman* v. *Morris Co.,* 10 *N. J. Mis. R.* 262; *DeRose* v. *Delaware, Lackakanna and Western Railroad Co.,* 109 *N. J. L.* 135.

Consequently, the only grounds of appeal properly before us are the two rulings on evidence. The first of these is the admission of this question of Dr. Meehan, the physician who had treated plaintiff for the latter's injuries:

"*Q.* Doctor, in your opinion is it possible that if a patient receives a blow on the back of his head, just as Mr. Holden did in this case, that that injury could possibly or probably impair the hearing of the patient?"

The objection was that the question was immaterial and incompetent, that the doctor had said he was not qualified. It should be observed that before the question was answered the court struck out the word "possibly" and that the answer went only to the "probable" impairment; that at the beginning of the examination counsel for the defendant had admitted the qualifications of Dr. Meehan as a regularly licensed practitioner of medicine; that Dr. Meehan did not say that he was not qualified to answer the question but on the contrary said that he felt that he was so qualified although he was not an ear specialist; and that the action was in part for personal injuries growing out of a blow on the head. The question was material and was competent to be asked of one qualified to answer it. The qualification of an expert is to be determined by the trial court as a question of fact, and its conclusion will not be disturbed if there be legal evidence to support the finding. *Kinney* v. *Philadelphia Watch Case*

*Co.,* 76 *N. J. L.* 735. There was satisfying evidence to support the ruling under review. The reply was that "it is probable."

The second evidence ruling was the admission of this question: "What does this man receive as his compensation?" The question was admitted but was not pressed and was not answered. A new and different question was asked and answered. Therefore defendant was not harmed.

We find no reversible error. The judgment will be affirmed, with costs.

*For affirmance*—The Chancellor, Chief Justice, Trenchard, Parker, Lloyd, Case, Bodine, Donges, Heher, Van Buskirk, Kays, Hetfield, Dear, Wells, Dill, JJ. 15.

*For reversal*—None.