STEVEN A. PLEET, PLAINTIFF-RESPONDENT, v. WILLIAM
KATCHEN, DEFENDANT-APPELLANT.

Submitted October term, 1932—Decided April 28, 1933.

Before Justices TRENCHARD, CASE and BROGAN.

For the plaintiff-respondent, *A. Leslie Price.*

For the defendant-appellant, *Abraham Gurney (James M.
Reilly,* of counsel).

PER CURIAM.

This is an appeal from the First Judicial District Court of
Essex county where the judge, sitting without a jury, rendered
a judgment in favor of the plaintiff and against the defendant
in the sum of $200.  The action was to recover for money
loaned.

There are four determinations specified as grounds of ap-
peal.  The first is that the court erred in refusing to direct
a verdict in favor of the defendant, and the second is that the
court erred in finding for the plaintiff in that no competent
proof of the loan to the defendant was offered.  Both of these
specifications amount to the same thing, namely, a charge that
there is no evidence to sustain a verdict.  The following testi-
mony, which appears in the state of facts settled by the judge,
negatives the grounds just mentioned:

"Plaintiff was duly sworn and testified that on February
24th, 1931, the defendant requested the loan of $200, stating
that he needed the money and would return it in a reasonable
time.  Plaintiff together with the defendant drove to the bank

and withdrew the $200 from his account in the bank and gave it to the defendant."

That supplies the proof, believing which the court was justified in making the award. The fact that the testimony was contradicted by the defense is immaterial on these points.

The third specification is that "the court erred in not entering judgment for the defendant on the ground that the plaintiff failed to prove his case by a preponderance of the evidence," and the fourth is that "the court erred in finding for the plaintiff on the ground that the verdict was against the weight of evidence." These points are not well taken on an appeal. *Catterall* v. *Otis Co.,* 103 *N. J. L.* 381; 135 *Atl. Rep.* 865.

The judgment below will be affirmed.