THE DIAMOND RUBBER COMPANY, INCORPORATED, A BODY CORPORATE, PLAINTIFF-APPELLANT, v. PHIL FELDSTEIN, DEFENDANT-APPELLEE.

Submitted January 27, 1933—Decided June 21, 1933.

Before Justices BODINE and DONGES.

For the plaintiff-appellant, *Horton & Till* (*Randal B. Lewis*).

For the defendant-appellee, *Cohn & Kohlreiter* (*Peter Cohn*).

PER CURIAM.

The plaintiff sued on a book account. The defendant counter-claimed for breach of contract and resulting damages. The jury returned a verdict of no cause of action on the plaintiff's action and a verdict of $9,326 upon the defendant's counter-claim. The matter came before the trial judge on rule. The defendant consenting, a judgment was entered for the plaintiff in the sum of $77.15, the balance due on the book account, after conceding certain credits. Judgment in favor of the defendant was reduced to the sum of $2,000 and so entered.

The first ground of appeal is the refusal of the court to nonsuit the defendant on the counter-claim. The weight of evidence having been argued on plaintiff's rule, we cannot consider on appeal the refusal to nonsuit even though exceptions were reserved. *Catterall* v. *Otis Elevator Co.,* 103 *N. J. L.* 381; 135 *Atl. Rep.* 865.

The second ground is as follows: "The trial court admitted oral testimony to contradict and amend the written contract between the parties when no fraud or imposition was shown in securing its execution." Obviously this is not a good ground of appeal. It refers to no testimony said to be improperly admitted. On the broad proposition that oral testimony is admissible to establish fraud in the procurement of a written contract, there can be no doubt. *Dunstan Litho Co.* v. *Borgo,* 84 *N. J. L.* 623. We have read the record, and so far as we can discover testimony was not admitted to alter or vary a written instrument, but for the purpose of tending to establish fraud in the procurement of the execution of the contract.

The third ground challenges the receipt in evidence of certain letters purporting to be from one Volz, district sales

manager. These letters Volz said were mailed from Akron. Assuming that the ground of appeal is sufficient to challenge the receipt in evidence of *undated letters,* we see nothing in the point. There is no suggestion that the date was material, but if it were Volz could no doubt have furnished the approximate mailing as the letters appear to be of a circular nature soliciting trade from the defendant's Passaic county customers for an Essex county dealer.

The fourth ground of appeal challenges an abuse of discretion in reducing defendant's damages to $2,000. We can find no legal error indicated in the ground of appeal. *Shotkin* v. *Arrow Sanitary Laundry,* 9 *N. J. Mis. R.* 662. Nor is it indicated how the plaintiff was prejudiced by a reduction in the amount of defendant's verdict.

The judgment is affirmed.