JOHN DOMINQUEZ, PROSECUTOR, v. JOSEPH MARKOWITZ ET AL., RESPONDENTS.

Submitted January term, 1933—Decided December 29, 1933.

Before Justices PARKER, LLOYD and HEHER.

For the prosecutor, *Walter X. Trumbull* (*Frank G. Turner*, of counsel).

For the respondents, *Breslin & Breslin*.

PER CURIAM.

This *certiorari* brings up a determination and judgment of the workmen's compensation bureau, awarding compensation to the dependents of Michael Markowitz, who, it is claimed, died as the result of an accident which arose out of and in the course of his employment by prosecutor, and an order of the Bergen County Court of Common Pleas, affirming the judgment.

The first question presented is whether decedent's death was the result of an accident which arose out of and in the course of his employment. The fatal accident befell decedent while he was riding a motorcycle on a public highway known as River road in East Paterson. He was the borough marshal, but was also employed by prosecutor, who was engaged in the performance of a sewer construction contract, as a watchman at the site of the construction work. His hours of duty as a watchman were from four-thirty P. M. to seven A. M. Prosecutor, at the time, was engaged in the construc-

tion of two sections of the sewer, one at Palser avenue and the Boulevard, and the other at Dey avenue, in East Paterson. In the performance of his duties as a watchman, decedent was required to maintain lighted lamps at an open trench in Dey avenue, and to keep three or four pumps in operation in the section under construction at Palser avenue and the Boulevard. He was, of course, required to pass to and fro between these sections in the performance of his duties, and he used a motorcycle for the purpose. The River road, it seems, was a convenient highway in moving from one end of the construction work to the other, and it is inferable from the testimony that this was the highway used by decedent for that purpose. The accident which resulted in decedent's death occurred at eleven-fifteen P. M., when he was in the employ of prosecutor. He was not then assigned to police duty.

Prosecutor claims that at the time decedent sustained his injuries, he was pursuing a speeding automobile, in the performance of his police duties. There was evidence that shortly before the accident, decedent was in a lunch wagon at a point about two miles from the scene of the collision which resulted in his death, and that after leaving the wagon he drove his motorcycle toward the River road. A witness, who said he talked with decedent at the lunch wagon, was permitted to testify, without objection, that decedent said he was "going to go and get this fellow." We are unable to determine whether the deputy commissioner regarded this testimony as worthy of credence. It may be that he rejected it as unworthy of belief, or that the circumstances were such that it was extremely doubtful that decedent was correctly quoted. The commissioner saw the witnesses and heard their testimony. and concededly this personal contact is advantageous in determining credibility of witnesses.

In any event, the statement made, if accepted, is not conclusive as to what decedent was doing at the time of the accident. He was at a place where he would ordinarily be in the performance of the duties of his employment with prosecutor. He used his motorcycle in moving from one section of prosecutor's construction work to the other. The collision occurred at a time when he was required to render service to prosecutor.

It is not to be presumed that he was doing something wholly unconnected with his employment.

We have examined the evidence, and find therein a basis of rational inference, tantamount to legal proof of the fact, that decedent's death resulted from an accident which arose out of and in the course of his employment. *Manziano* v. *Public Service Gas Co.*, 92 *N. J. L.* 322; 105 *Atl. Rep.* 484. This is fairly inferable from all the facts and circumstances, and we so find.

Prosecutor maintains also that illegal evidence was admitted. It is said that there was error in permitting the witness, Vreeland, called by respondents, to testify to a conversation with decedent shortly before he departed from the lunch wagon. This witness testified, over objection, that decedent said he was "working as a watchman; taking care of pumps;" and that in the performance of his duty he used the motorcycle "to get back and forth quicker." This testimony did not relate to what decedent was doing at the time he suffered the accident. The facts which this testimony tended to establish were already in evidence, and conceding that there was error in the ruling complained of, it was harmless.

Judgment affirmed, with costs.