ROBERT D. REYNOLDS ET AL., PLAINTIFFS-RESPONDENTS, v. FANNIE D. HERMAN ET AL., DEFENDANTS-APPELLANTS.

Submitted May 11, 1934—Decided September 8, 1934.

Before Justices Lloyd, Case and Donges.

For the appellants, *Myron E. Ackron.*

For the respondents, *Saul Cohn* and *Michael Silver.*

The opinion of the court was delivered by

DONGES, J. This is an appeal from a judgment of the Essex County Circuit Court entered upon an order by Judge Porter striking defendants' answer. The suit was in ejectment by the holder of a mortgage alleged to be in default against the holder of the title of her husband, who was a tenant of part of the premises. It appears that the mortgage was in default and an agreement extending the due date of the mortgage to August 1st, 1937, was entered into upon condition that the appellant Fannie D. Herman make certain monthly payments. The complaint alleged that these payments had not been made and that the agreement had been breached. The answer was a general denial. Motion to strike was made. Defendants' affidavits are vague and do not in terms deny the failure to make the monthly payments. Judge Porter held the answer sham and struck it out. Subsequently he allowed a rule to show cause which was argued and dismissed.

Grounds of appeal 1, 2, 3, 4 and 5 have to do with the propriety of striking the answer. Defendants are precluded from arguing these matters on appeal because of the allowance of a rule to show cause.

The rule contained a provision that it "shall not be a waiver of any right to appeal and that all exceptions taken heretofore are hereby reserved to defendants in the event of such appeal."

It appears that the only exception the defendants could have had was to the striking of the answer, and also that the only matter that could be submitted on the rule was the propriety of striking the answer. This was the question argued and determined against the defendants. A reservation of exception is of no avail when the appellant proceeds to assign the same matter as a reason under the rule. He is taken to have abandoned the exception. *Cleaves* v. *Yeskel,* 104 *N. J. L.* 497; 141 *Atl. Rep.* 814; *DeRose* v. *Delaware, Lackawanna and Western Railroad Co.,* 109 *N. J. L.* 135; 160 *Atl. Rep.* 423. Therefore, these grounds of appeal are not arguable here.

Grounds 6, 7, 8 and 9 are directed to the action the trial judge took in disposing of the rule to show cause. This action rests in the sound discretion of the court and is not assignable as a ground of appeal in the absence of abuse of discretion. No abuse of discretion is alleged, so nothing is brought up by these grounds.

The tenth ground is that it was error to enter judgment for possession generally against Abraham M. Herman because he had disclaimed any interest in the premises except in the second floor; the contention being that judgment for possession of the second floor only should have gone against him. This is entirely frivolous and without merit.

The judgment is, therefore, affirmed, with costs.