PHILADELPHIA DAIRY PRODUCTS COMPANY, INCORPO-
RATED, PLAINTIFF-APPELLANT, v. JACOB ZIMMER,
TRADING AS "ZIMMER'S," DEFENDANT-APPELLEE.

Submitted January term, 1936—Decided July 18, 1936.

Before Justices HEHER and PERSKIE.

For the appellant, *Abraham R. Klitzman* (*Joseph M. Turner*, of counsel).

For the appellee, *Durand, Ivins & Carton* (*James D. Carton, Jr.*, of counsel).

The opinion of the court was delivered by

PERSKIE, J. This is an appeal by the plaintiff from a jury verdict of no cause of action. The case comes to us on a state of case agreed upon by counsel for the respective parties. Suit was commenced to recover the sum of $279.60 on a book account for merchandise sold and delivered. The defendant filed a set-off in the sum of $280, claiming (a) that he was entitled to a credit of $50, which was the amount which he had paid on account of a certain bond of another corporation—Dairy Operators Company (it is well to mark the fact that the obligor of this bond is not the plaintiff in this action) ; (b) that plaintiff solicited the defendant's business and as an inducement to procure the same erected a sign in front of his store, agreeing to pay $5 a month for the electricity used in operating this sign, and the costs of the said

sign, so long as the defendant and plaintiff did business together. Defendant alleged that the amount due him under this agreement was $230.

At the trial the defendant waived proof of the amount claimed to be due the plaintiff and proceeded to establish his set-off. The defendant himself was the first witness and as to the $230 item testified that Griswold, manager of the Asbury Park branch of the plaintiff company, had agreed in the name of the company to erect a sign in front of defendant's store and to bear a portion of the expense for the electricity to the extent of $5 per month. It was established by the defendant, and later admitted by Griswold, that the defendant made out his check for $225, the cost of the sign, and received the amount back in cash from Griswold, as plaintiff company did not want its books to show that it was offering inducements to its customers.

As to the $50 item of the set-off, it appeared that shortly after the plaintiff and defendant began doing business together the same Griswold approached the defendant and advised him that the plaintiff company had given its Asbury Park branch a certain quota of Dairy Operators Company bonds to sell. Defendant testified that Griswold told him he was authorized by the company to agree that any customer who purchased the same would be given credit for the amount paid for said bonds. Defendant subscribed for a $100 bond and in the course of the following three months paid $50 thereon. Hearing rumors of the poor financial condition of the Dairy Operators Company, defendant made no further payments on the bond and demanded he receive the agreed credit thereon.

Griswold was called as a witness and corroborated the defendant's story as to the sign except that he did not recall any agreement relative to the payment of $5 per month for electricity. As to the $50 item Griswold was asked to relate certain conversations with the defendant before the agreement to purchase the bond, together with a conversation relative to the credit the defendant would receive in the event the bond was purchased. Plaintiff objected to this question on the grounds that it violated the parol evidence rule. This objec-

tion was overruled and exception was taken. The same question had already been answered by the defendant and no objection had been made thereto. Objection was also made to the question asked of Griswold as to whether or not he was authorized to sell the bond by the plaintiff corporation, on the grounds that this could not bind the plaintiff due to the fact that the contract in evidence clearly indicated that Dairy Operators Company, and not the plaintiff was the one with whom the contract was made. Then followed a verdict of no cause of action (the dismissal of a rule to show cause why a new trial should not be granted, and hence this appeal).

Plaintiff's grounds of appeal are three in number: (1) The jury returned a verdict of "no cause for action" in plaintiff's case and this is claimed to be error. (2) It was error to ask the witness Griswold whether or not he was authorized to sell the bond by the plaintiff concern. (3) It was error to admit the oral conversations before the agreement to purchase the bond was signed and to relate conversations relative to the credits the defendant would receive.

We are of the opinion that there is no merit to any of the points in the stated grounds of appeal.

*First:* Although the rule to show cause contained a provision that it should not be a waiver of any grounds of appeal, the challenged propriety of the jury's finding of no cause for action was raised on the argument on the return of the rule to show cause why a new trial should not be granted. It is *res adjudicata,* and, therefore, not subject to review by this court. *Holden* v. *Rolff,* 110 *N. J. L.* 499; 166 *Atl. Rep.* 201; *Caterall* v. *Otis Elevator Co.,* 103 *N. J. L.* 381; 135 *Atl. Rep.* 865; *Robins* v. *Mack International Motor Truck Corp.,* 113 *N. J. L.* 377; 174 *Atl. Rep.* 551; *Morris Plan Corporation of New Jersey* v. *Leschinsky,* 113 *N. J. L.* 414; 174 *Atl. Rep.* 729; *Bauman* v. *Delaware, Lackawanna and Western Railroad Co.,* 114 *N. J. L.* 314; 176 *Atl. Rep.* 369.

*Second:* As to the propriety of the question asked Griswold concerning his authorization to sell the bond. Objection was made to this question on the ground that this could

not be binding on the plaintiff company since the Dairy Operators Company was the sole obligor thereon. It is to be noted that this question does not involve the admissibility or non-admissibility of the declarations of an agent as in *Brownfield* v. *Denton*, 72 *N. J. L.* 235; 61 *Atl. Rep.* 378; *Runk* v. *Ten Eyck*, 24 *N. J. L.* 756, and *Ashmore* v. *Pennsylvania Towing Co.*, 38 *Id.* 13. Rather are we concerned with the admissibility of the evidence to establish agency. The question in dispute could be answered "yes" or "no." Its sole effect is to establish the fact that Griswold was an agent of the plaintiff company in this transaction. As such given under oath it is clearly admissible. *Leonard* v. *Standard Aero Corporation of New York*, 95 *Id.* 235, 237; 112 *Atl. Rep.* 252; *Reid* v. *Tansey*, 9 *N. J. Mis. R.* 333, 334; 153 *Atl. Rep.* 713; *Internal Water Heater Co.* v. *Burns Bros.*, 114 *N. J. L.* 368, 374; 176 *Atl. Rep.* 380.

*Third:* Plaintiff's final point is that the trial court fell into error in allowing Griswold to testify as to the conversations held prior to the agreement to purchase the bond and with reference to the credit defendant would get in the event the bond was purchased. Evidence to this effect was already in the record and no objection had been made thereto. Assuming but not so deciding, that the question was objectionable, the error was harmless. *Dominiquez* v. *Markowitz*, 12 *N. J. Mis. R.* 90; 169 *Atl. Rep.* 514; *Nardone* v. *Public Service Co.*, 113 *N. J. L.* 540, 546; 174 *Atl. Rep.* 745. Nor is this evidence inadmissible under the rule of *Naumberg* v. *Young*, 43 *N. J. L.* 331. The oral evidence here was to show an agreement not between the parties to the contract but between one of the parties and a stranger. It is admissible. *Shreve* v. *Crosby*, 72 *Id.* 491, 502; 63 *Atl. Rep.* 333; *Halliwell* v. *Trans-States Finance Corp.*, 98 *N. J. L.* 133, 136; 118 *Atl. Rep.* 837; *Lifson & Son* v. *Williams*, 10 *N. J. Mis. R.* 982, 983; 162 *Atl. Rep.* 129 (First Judicial District Court, Monmouth county). There was no written agreement at all between these two parties. The parol agreement they may have made could be shown.

Judgment is affirmed, with costs.